**Ex parte Danny COWAN.**

**No. 42662.**

Court of Criminal Appeals of Texas.

Dec. 10, 1969.

Jones, Blakeslee, Minton, Burton & Fitzgerald, by Charles R. Burton, Austin, for appellant.

Robert O. Smith, Dist. Atty., Sykes Houston, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is a habeas corpus proceeding attacking petitioner's conviction for the sale of a dangerous drug, lysergic acid diethylamide (LSD), in Cause No. 38,193 in the 147th District Court of Travis County on November 6, 1967, with punishment assessed at 10 years. The imposition of the sentence was suspended, however, and the petitioner placed on probation.

The application presented to the Honorable Mace Thurman, Jr., Judge of the said 147th District Court, contends that there was no valid penal law prohibiting the sale of lysergic acid diethylamide on the date of the alleged offense and that the petitioner is illegally confined and subject to certain conditions and terms of probation and should be released.

Judge Thurman has forwarded the record of this proceeding to this Court along with his findings of fact and conclusions of law.

Judge Thurman concluded that the petitioner is entitled to the relief he seeks in view of the holding of this Court in Houston, White v. State, Tex.Cr.App., 440 S.W.2d 660, to the effect that the 1967 amendment to Article 726d, Vernon's Ann.P.C. (S.B. No. 17, Acts 1967, 60th Leg., p. 1847, ch. 720) was unconstitutional.[1]

We are in full agreement with the trial judge's conclusion.

---

1. See 1969 amendment to Article 726d, V.A.P.C. (H.B. 142, Acts 1969, 61st Leg., p. 1474, ch. 437) enacted subsequent to the decision in White v. State, supra.

The petitioner is entitled to release from further confinement and restraint by virtue of his conviction in said Cause No. 38,193.

It is so ordered.