**Ex parte Michael Lynn LEWIS.**

**No. 42622.**

Court of Criminal Appeals of Texas.

Feb. 4, 1970.

James H. Martin, Dallas, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is a habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P. On November 22, 1968, petitioner was convicted in Criminal District Court No. 5 of Dallas County in Cause No. C–68–5598–JL for the unlawful sale of mescaline, in Cause No. C–68–5599–JL for the unlawful sale of lysergic acid diethylamide, and in Cause No. C–68–5602–JL for the unlawful delivery of lysergic acid diethylamide. The punishment in each case was assessed at five years.

The Honorable Ed Gossett, Judge of said court, found that petitioner should be released from confinement under these charges because the statute under which he had been convicted was declared unconstitutional. The 1967 Amendment to Article 726d, Vernon's Ann.P.C., the Dangerous Drug Act, was held to be invalid in White v. State, Tex.Cr.App., 440 S.W.2d 660.

The trial judge was correct in his conclusion. Ex parte Cowan, Tex.Cr.App., 447 S.W.2d 914. Petitioner is entitled to, and is granted, release from further confinement and restraint by virtue of his convictions in said Causes Nos. C–68–5598–JL, C–68–5599–JL and C–68–5602–JL.

However, it appears that petitioner was also convicted in the same court on the same date in two cases for the sale of marijuana and was assessed a term of five years in each case. There is no showing that petitioner is entitled to release from confinement in such cases.

In view of the valid convictions for the sale of marijuana, the prayer for release is denied.